**Rodney D. BARNHILL,
Plaintiff–Appellant,**

v.

**Larry DOIRON and John Moore,
Defendants–Appellees.**

No. 90–2215.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 12, 1992.

Decided March 26, 1992.

Howard B. Eisenberg (argued), Little Rock, Ark., for plaintiff-appellant.

James C. Cook, John E. Sabo, Leslie G. Offergeld, Walker & Williams, Belleville, Ill., Verne E. Dentino, Office of the Atty. Gen., Springfield, Ill., Daniel N. Malato, Asst. Atty. Gen., Mark E. Wilson (argued), Office of the Atty. Gen., Civ. Appeals Div., Chicago, Ill., for defendants-appellees.

Before EASTERBROOK and KANNE, Circuit Judges, and SHARP, District Judge.*

* The Honorable Allen Sharp, Chief Judge for the Northern District of Indiana, is sitting by desig-nation.

KANNE, Circuit Judge.

Rodney D. Barnhill, an inmate at the Menard Correctional Center of Chester, Illinois, brought this action under 42 U.S.C. § 1983 alleging that defendants Larry Doiron and John Moore—both members of the Illinois State Police—violated his constitutional rights when they interrogated him at Menard on September 13, 1990. According to Barnhill's *pro se* complaint, Doiron and Moore unlawfully continued to question him about a murder after he indicated he knew nothing about the crime. He also claimed that the officers caused him extreme mental pain and anguish by repeatedly showing him pictures of the victim's mutilated body throughout the questioning. As a result of these allegedly coercive tactics, Barnhill maintains that he was intimidated into giving the officers samples of his blood and hair. For this he sought $1 million in damages.

Barnhill asked for appointment of counsel pursuant to 28 U.S.C. § 1915(d), but his request was summarily denied by the magistrate judge. Citing our per curiam decision in *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981), where we set forth five nonexclusive factors to be considered when ruling on requests for appointed counsel, the magistrate judge simply concluded—without explanation—that "appointment of counsel [wa]s not warranted." Both defendants subsequently filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barnhill responded only by renewing his request for appointed counsel.

The magistrate judge granted the defendants' motions to dismiss on the grounds that Barnhill's complaint failed to allege sufficient facts to determine whether their interrogation methods exceeded normal bounds. The court likewise denied his second request for appointed counsel. Barnhill, however, was given leave to amend his complaint within 60 days, and he availed himself of this opportunity by adding a pendent state law claim for intentional in-

fliction of emotional distress, and a count for conspiracy to deprive him of his constitutional rights. Once again, the defendants both filed motions to dismiss, and once again their motions were granted—this time because the magistrate judge determined that the amended complaint was completely lacking in particularity and evidentiary support. Barnhill appealed to this court and counsel was appointed to represent him here.

■ Barnhill advances two arguments on appeal.[1] Initially, he maintains that although the court correctly cited *Maclin* as the proper test for evaluating § 1915(d) requests, it *per se* abused its discretion by not specifying any reasons for denying his motions. Alternatively, he argues that his claim need not be remanded to the district court for a full explanation of its ruling, because he believes any fair application of the *Maclin* factors demonstrates that the appointment of counsel was necessary under the circumstances of his case.

Barnhill's first argument has no basis in law. While we have indeed held that a district court abuses its discretion when it identifies the proper standards for evaluating § 1915(d) motions but fails to explain a denial of counsel, *Howland v. Kilquist*, 833 F.2d 639, 646 (7th Cir.1987), we have never foreclosed our own ability to independently examine § 1915(d) requests. Quite the contrary, we have repeatedly pointed out that "our expertise is as great as the district court's" with respect to ruling on § 1915(d) motions. *Id.; Merritt v. Faulkner*, 697 F.2d 761, 766 (7th Cir.1983). Holding otherwise makes little sense; we need not squander scant judicial resources when it is apparent that the district court has acted within—or beyond—its discretion when ruling on § 1915(d) motions.

■ Even if we gave Barnhill the benefit of the doubt on his first argument, he cannot hope to meet the high burden of establishing that he was entitled to the appointment of counsel under *Maclin*. In *Jackson v. County of McLean*, we reaffirmed the *Maclin* factors as appropriate benchmarks for evaluating § 1915(d) requests for counsel. 953 F.2d 1070, 1073 (7th Cir.1992). These factors, as outlined by *Maclin* and its progeny, include: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *Maclin*, 650 F.2d at 887–888. Significantly, *Jackson* also stressed that the district court should not undertake the *Maclin* inquiry without first determining whether the prisoner made reasonable efforts to retain counsel before resorting to an appointment by the court. *Jackson*, 953 F.2d at 1073. By requiring the court to consider such efforts as a prerequisite to an application of the *Maclin* analysis, we hoped to provide the district court with further insight into distinguishing meritorious claims from those "patently frivolous and designed solely for the purpose of harassment." *Id.* at 1073.

Of course, the district court did not have the benefit of our decision in *Jackson* when it ruled on Barnhill's § 1915(d) requests. That concern need not detain us here, however, for even under the traditional *Maclin* analysis, Barnhill's claim must fail. To begin with, even if Barnhill's claim could be characterized as colorable—i.e. he was in fact subjected to interrogation methods which violated his constitutional rights—appointment of counsel is hardly a given. "Once the merits of the claim are considered and the district court determines the claim is colorable, appointment of counsel may or may not be called for depending on a variety of other factors." *Maclin*, 650 F.2d 885, 887 (7th Cir.1981); *see also Childs v. Duckworth*, 705 F.2d 915, 923

---

1. Barnhill does not appeal from the district court's grant of the defendants' motions to dismiss under Rule 12(b)(6). Apparently, his strategy on appeal is to successfully challenge the district court's denial of counsel, thereby rendering void any of the court's subsequent rulings. He certainly might have raised an alternate challenge to the district court's dismissal, but since he failed to do so, his hopes rest exclusively on his § 1915(d) arguments.

(7th Cir.1983). Our own evaluation of these additional factors leads us to conclude that Barnhill's requests for counsel were unwarranted, as the district court ultimately held.

First, Barnhill was capable of adequately investigating the disputed factual issues concerning the officers' methods of interrogation. He was present at all times during the questioning and observed the officers' interrogation techniques first hand. And, unlike several other cases where we have reversed the district court's denial of § 1915(d) requests for counsel, Barnhill's case does not involve complex medical evidence which is beyond his ability to evaluate, *see Merritt v. Faulker*, 697 F.2d 761, 765 (7th Cir.1983), nor does he suffer from any physical disabilities which would prevent him from being able to articulate the facts germane to his claim. *See McNeil v. Lowney*, 831 F.2d 1368 (7th Cir.1987). Put another way, all the facts necessary to draft a legally sufficient complaint were well within the realm of Barnhill's personal knowledge.

Second, the nature of the evidence is not such that the truth will more likely be exposed when both sides are represented by counsel. Barnhill contends that only a skilled advocate could uncover the "truth"—evidence tending to show that defendant Moore was previously aware of Barnhill's weak psychiatric condition, that Moore was in part responsible for Barnhill's conviction and incarceration, and that there was no evidence linking Barnhill to the crime for which he was interrogated. Yet all such information was in fact presented to the district court by Barnhill himself either in his pleadings or in his written and oral responses to the defendants' motions to dismiss. That being the case, we fail to see how the assistance of court appointed counsel would have furthered the district court in its truth-seeking duties.

Third, Barnhill's pleadings demonstrated that he was more than capable of prosecuting his constitutional claims before the district court. In his amended complaint, he identified *Wilkins v. May*, 872 F.2d 190

(7th Cir.1989) as the seminal case on claims for civil rights violations during the course of a police interrogation. He also recognized the Eighth Amendment as a potential basis for claims concerning the wanton or malicious infliction of pain and suffering upon prison inmates. Moreover, he demonstrated that he was well versed in federal procedure and the presentation of evidence: he added two pendent state law claims in his amended complaint, he attached several exhibits to his original complaint in support of his assertions of coercion and intimidation, and he submitted a clear and concise written response to the defendants' motions to dismiss without having been so advised by the court. Apparently, Barnhill's lack of formal legal training did not significantly hinder his ability to pinpoint the law and procedures most favorable to his case.

Finally, the legal issues raised by Barnhill's complaint are straightforward and readily comprehensible. In order to state a claim for a deprivation of civil rights during a police interrogation, *Wilkins* requires a plaintiff show "[m]isconduct that a reasonable person would find so beyond the norm of proper police procedure as to shock the conscience, and that is calculated to induce not merely momentary fear or anxiety, but severe mental suffering, in the plaintiff." *Wilkins*, 872 F.2d at 195. The record makes clear that Barnhill realized his suit hinged on satisfying the high threshold of the *Wilkins* test, and that he carefully tailored his complaint and exhibits to enhance his odds of success. The assistance of counsel would have added little—if indeed anything—to his understanding of the relevant issues.

We therefore hold that the district court did not abuse its discretion in denying Barnhill's request for counsel under § 1915(d). Accordingly, the district court's ruling on this matter is AFFIRMED.