Miguel CASTILLO, also known as Carlos A. Aguiar, Plaintiff–Appellant,

v.

COOK COUNTY MAIL ROOM DEPARTMENT, Defendant–Appellee.

No. 90–3310.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 8, 1992.

Decided March 30, 1993.

Jerold S. Solovy, Joseph G. Bisceglia, Andrew J. Zahaykevich (argued), Jenner & Block, Chicago, IL, for plaintiff-appellant.

Lawrence R. Stasica, (argued), and Terry L. McDonald, Asst. State Attys., Office of the State's Attorney of Cook County, Chicago, IL, for defendant-appellee.

Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Miguel Castillo ("Castillo") filed a complaint under 42 U.S.C. § 1983, alleging that the mail room at the Cook County Department of Corrections had opened three letters addressed to him from the Federal Courthouse out of his presence, despite the fact that they bore a warning against such openings. Castillo sought to file *in forma pauperis* under 28 U.S.C. § 1915. The district court denied leave to file *in forma pauperis* and *sua sponte* dismissed Castillo's complaint with prejudice. Castillo filed a timely appeal. We have jurisdiction to decide this appeal under 28 U.S.C. § 1291. We reverse.

## I.

Castillo is presently incarcerated in the Pontiac Correctional Center, in Pontiac, Illinois and was previously an inmate at the Cook County Department of Corrections. While being held at Cook County, Castillo received three letters from public officials—two from the United States District Court and one from the Department of Justice—that had been opened out of his presence, despite having been marked with the warning "LEGAL MAIL—OPEN IN PRESENCE OF INMATE."[1] After the first letter was opened, Castillo filed a grievance with prison officials. The mail supervisor at Cook County responded that "Legal mail is sometimes opened when

---

1. We approved the treatment of all incoming mail as general correspondence which could be opened and read out of an inmate's presence before delivery unless it bore such a warning in *Martin v. Brewer,* 830 F.2d 76 (7th Cir.1987).

overall mail is heavy—we then use letter opener machine by Pitney–Bowes—once in a great while we miss taking out all legal mail—This has been called to my attention. We will take more care—And hope that this error will not reoccur." (R. 1–10.) Over the course of the next eight months, two more similarly marked letters were opened. After the third letter was opened, Castillo again filed a grievance and then filed his complaint with the district court, seeking to file *in forma pauperis.* The district court denied Castillo leave to file *in forma pauperis* and dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(d), which allows frivolous cases to be dismissed. In this appeal, Castillo challenges the denial of leave to file *in forma pauperis* and the dismissal. We reverse and remand with instructions that counsel be appointed for Castillo.

## II.

■ When responding to an application to proceed *in forma pauperis,* a district court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). The district court's dismissal in the instant case was based on its finding that Castillo's complaint had "no arguable legal basis." (R. 6–4.) As the meager record in this case contains no hint that Castillo's allegation of poverty is untrue or that this action was undertaken with malice, we must examine the district court's dismissal to determine whether it was an abuse of discretion. *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

■ "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). We begin by examining whether Castillo has a nonfrivolous legal basis for his complaint. To meet the minimum requirements of § 1915(d), a legal argument must have an "arguable basis in law." *Id.* at 328, 109 S.Ct. at 1833. An "arguable basis in law"

is a very low standard to meet, as "a complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law' precluding dismissal under § 1915(d)." *Denton,* —— U.S. at ——, 112 S.Ct. at 1733, quoting *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833.

■ In rejecting Castillo's legal basis, the district court relied on a Second Circuit case which held that an isolated incident of mishandled mail is not a concern of constitutional magnitude. *Morgan v. Montanye,* 516 F.2d 1367, 1370–72 (2nd Cir.1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976). The district court also noted its awareness of another Second Circuit case which held that more than one incident of interference with mail could give rise to a constitutional claim if it indicated ongoing activity. *Washington v. James,* 782 F.2d 1134, 1139 (2nd Cir.1986). Because this case was decided on the basis of the complaint alone, without the benefit of an answer, we cannot, nor could anyone, determine which of these Second Circuit cases is most relevant to our inquiry. For example, a fact-finder faced with this meager record has no way to determine whether all of Castillo's legal mail was opened or only a small fraction. Because these incidents may be indicative of ongoing activity, Castillo's allegations are not legally frivolous for the purposes of § 1915.

Citing dicta from *Martin v. Brewer,* 830 F.2d 76 (7th Cir.1987), both the district court order and the brief of the state's attorney discussed whether correspondence from a court should be considered privileged in the same way as other legal mail. This issue was raised in *Martin* following an expression of concern that institutions might fail to properly mark their correspondence. This Court refused to rule on the issue, but commented that

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [plaintiff] could be hurt if

the defendant read these documents before or after [plaintiff] does.

*Id.* at 78. This dicta does not bind the decision here. We need not determine whether unmarked court mail should receive the benefit of the *Martin* protections, because we are satisfied that at least some, and perhaps all, of the mail involved here was properly marked.

■ Finally, the state's attorney argues that Castillo's complaint was legally frivolous because Castillo failed to designate a suable entity as defendant. Castillo named the "Mail Room Dept." at the "Cook County Jail" as defendant. (R. 1.) The Cook County Department of Corrections is not a suable entity. *Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill.1979). It follows that the mail room, as a subdivision of the Department of Corrections, is not subject to suit either. It would have been proper for Castillo to have sued Cook County itself, rather than a subdivision thereof. *Id.;* Ill.Ann.Stat. ch. 34, ¶ 5–1001. District courts are required to liberally construe *pro se* complaints, however inartfully pleaded. *Pearson v. Gatto,* 933 F.2d 521, 527 (7th Cir.1991). Furthermore, Fed. R.Civ.P. 15(a) allows a court to grant leave to amend complaints, which "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). For these reasons, we believe that it would be inappropriate to affirm the district court solely because Castillo failed to designate a suable entity in his initial complaint.

■ Our determination that Castillo's complaint is not legally frivolous under § 1915 does not insure that it has an arguable basis in fact as required by *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831. Therefore, we must next examine the factual basis for Castillo's complaint. The Supreme Court has held that "a court may dismiss a claim as factually frivolous [under § 1915] only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest,

a finding of factual frivolousness is appropriate when the facts alleged [are] irrational or ... wholly incredible...." *Denton,* — U.S. at —, 112 S.Ct. at 1733, quoting *Neitzke,* 490 U.S. at 324–25, 327–29, 109 S.Ct. at 1831, 1833. The facts of Castillo's complaint are clearly not of this character. The record contains a photocopy of an envelope clearly marked with the requisite warning and also bearing the handwritten legend "Open Error." [2] Castillo's complaint is thus more than sufficient to meet the standard for nonfrivolousness under § 1915. Having determined that Castillo's complaint is neither legally nor factually frivolous, we hold that the district court abused its discretion in dismissing the complaint with prejudice under § 1915(d).

■ We note that Castillo never requested appointed counsel. The factors to be considered when responding to a request for appointed counsel, however, are well known. *E.g., Barnhill v. Doiron,* 958 F.2d 200, 202 (7th Cir.1992). We believe that it would serve the interests of justice in this case for Castillo to be represented by counsel. Castillo has presented a colorable claim. In addition, Castillo's *pro se* filings indicate that he has some difficulty with the English language. For this reason, he is not particularly capable of presenting his own case. Therefore, it would have been advisable for the district court to have appointed counsel for Castillo, despite his failure to tender a request. Upon remand, we instruct the district court to appoint counsel for Castillo.

### III.

Because Castillo's complaint is neither legally nor factually frivolous, it should not have been dismissed under 28 U.S.C. § 1915(d). The district court's dismissal with prejudice is therefore REVERSED and the case REMANDED with INSTRUCTIONS for the district court to appoint counsel for Castillo and undertake further proceedings consistent with this opinion.

**2.** Another photocopy in the record provides evidence that a second envelope bore the requisite warning, but the poor quality of the photocopy makes it impossible for us to determine how clear the warning on the original envelope would have been to prison officials.

COFFEY, Circuit Judge, dissenting.

The plaintiff, Miguel Castillo, alleged an ongoing activity of mail tampering by the Cook County Department of Corrections in his complaint based upon 42 U.S.C. § 1983. The plaintiff claims that he received three separate letters containing legal correspondence that had been opened outside his presence. Based on the scant record, it appears that only one of these letters was clearly marked as legal mail. Furthermore, the record reveals that on at least one occasion a letter was opened by a machine on a day when the mail load was quite heavy. Thus, no matter how generously one views the complaint, the plaintiff has alleged nothing but three instances of unintentional and isolated negligence. Negligence alone will not support a § 1983 claim. *Averhart v. Shuler*, 652 F.Supp. 1504, 1508 (N.D.Ind.), *aff'd*, 834 F.2d 173 (7th Cir.1987), *cert. denied*, 484 U.S. 1073, 108 S.Ct. 1045, 98 L.Ed.2d 1008 (1988).

To maintain a § 1983 claim, in addition to a constitutional violation, the plaintiff must demonstrate *injury* such as denial of meaningful access to the courts. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988), *cert. denied*, 488 U.S. 863, 109 S.Ct. 162, 102 L.Ed.2d 133 (1988). I fail to understand how the inadvertent opening of three letters, only one of which was clearly marked legal mail, violated any constitutional right or constituted an injury. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir.1987). The accidental opening of three letters amounts to nothing more than a relatively short term, noncontent-based interruption in the delivery of mail. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir.1987). Moreover, I am unable to discover why we must appoint counsel for a defendant who has not requested it, and in particular when the record before us falls far short of revealing that he "has presented a colorable claim." Slip op. at 6. A more prudent approach would be to direct the plaintiff to amend his complaint. After amendment, if the complaint still fails to state a claim, it should be dismissed.

Finally, it is incumbent upon me to remind the court that the operation of the prisons is not a judicial function. "[T]he federal courts should defer to the judgment of the legislative bodies and prison authorities who are responsible for the day-to-day administration of prison facilities...." *Smith v. Shettle*, 946 F.2d 1250, 1258 (7th Cir.1991) (Coffey, J., concurring); *see also Bell v. Wolfish*, 441 U.S. 520, 547–48, 99 S.Ct. 1861, 1878–79, 60 L.Ed.2d 447 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").