16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Stephen WARD, Plaintiff/Appellant,
v.
B. PICKERING, et al., Defendants/Appellees.
 No. 92-1331.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 9, 1994.
 
 Before POSNER, Chief Circuit Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Stephen Ward brought suit under 42 U.S.C. Sec. 1983 alleging that prison officers at the Menard Correctional Center violated his Fourteenth and Eighth Amendment rights by confining him to a control cell and by confining him to a cell with a broken toilet.[1] Ward appeals the district court's finding in favor of the defendants on his claims and the court's denial of his request for counsel. We affirm.
 
 
 2
 Ward has not supplied us with a transcript of the bench trial to review his claims regarding the conditions in his cell. This omission is not fatal to these claims, however, because the briefs are mostly in agreement on the evidence presented and differ only in the conclusions reached. Wilson v. Electro Marine, 915 F.2d 1110, 1117 (7th Cir.1990).
 
 
 3
 Ward argues that his confinement in a "control cell" violated his Eighth and Fourteenth Amendment rights. While in the disciplinary segregation unit, Ward was transferred from an open cell to a cell with a steel-fronted door. In its finding of facts, the district court found that inmates confined to open cells possess the same privileges as those confined to steel-fronted cells. The district court further found that there are no "control cells" at the Menard facility and that Ward does not possess a liberty interest in not being confined to a steel-fronted cell while in segregation. The Illinois Administrative Code describes the standards to be maintained in segregation, providing that "[e]ach cell shall have a single door and a food passage. When only a solid door is available, it shall be provided with a vision panel." 20 Ill.Admin.Code Sec. 504.620. Because Ward does not allege that he has been deprived of a liberty interest, his Fourteenth Amendment claim must fail.
 
 
 4
 Similarly, Ward's Eighth Amendment claim regarding the steel-fronted door is without merit. Not all prison conditions trigger Eighth Amendment scrutiny, only deprivations of basic human needs such as food, medical care, sanitation and physical safety. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). Without alleging more than dissatisfaction with the door to his cell in segregation, we cannot say that Ward was deprived of a basic human need, amounting to cruel and unusual punishment.
 
 
 5
 Ward also contends that the toilet in his cell was broken, violating his Eighth Amendment right to be free from cruel and unusual punishment. To establish an Eighth Amendment violation here, Ward must show that the conditions he was forced to endure were beyond the bounds of human decency when judged against an objective standard, and that the prison officials either intentionally or recklessly subjected him to these conditions. Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). The record on appeal reveals that after Ward complained about the broken toilet on May 31, 1988, the water in his cell was turned off for a 24-hour period while repairs were attempted. During that period, however, water was turned on at Ward's request so he could flush the toilet or get a drink of water from the sink. Ward then was moved to a different cell. Ward does not dispute these factual findings by the district court. The fact that prison officials responded to Ward's complaint by trying to fix the toilet and by moving him to another cell indicates that they did not intentionally or recklessly subject him to conditions beyond the bounds of human decency.
 
 
 6
 Ward asserts that the district court abused its discretion in denying his request for counsel. In denying Ward's request, the court merely stated that in "[a]pplying the [Maclin ] standards to the instant case, the Court is of the opinion that appointment of counsel is not warranted." We have held that such a conclusion, without further discussion, constitutes an abuse of discretion. Barnhill v. Doiron, 958 F.2d 200, 202 (7th Cir.1992); Howland v. Kilquist, 833 F.2d 639, 646 (7th Cir.1987); Darden v. Illinois Bell Tel. Co., 797 F.2d 497, 502 (7th Cir.1986). However, we need not remand this case solely for a ruling on Ward's motion, as "it would be an exercise in futility and a waste of judicial resources to remand this cause solely for ruling on" Ward's request for counsel. Howland, 833 F.2d at 646. Therefore we make a de novo determination of whether the district court should have requested counsel for Ward. Id.
 
 
 7
 There is no right to have counsel in a civil case. See, e.g., Howland, 833 F.2d at 646; Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir.1982), cert. denied, 459 U.S. 1214 (1983). We must determine whether the plaintiff appeared to be competent to try the case himself. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993).[2] This was one of many civil rights actions Ward has brought against various correctional officers at several penitentiaries. Although Ward may have had a colorable claim, the case did not involve complex legal issues. Ward drafted many documents concerning his complaints and demonstrated a good understanding of the relevant facts and an ability to investigate his claims. The record also demonstrates a general lack of merit in Ward's claims, both in the trial court and on appeal. Ward appeared competent to try the case himself and therefore was not entitled to counsel in this case.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In his brief, Ward also complains that his television was not promptly repaired in the prison's vocational repair shop. Ward's claim was not properly brought in federal court under Sec. 1983 because he had an adequate remedy in the Illinois Court of Claims. 705 ILCS 505/8 (1993) (previously Ill.Rev.Stat. ch. 37, p 439.8(d) (1987)); Hudson v. Palmer, 468 U.S. 517, 530-36 (1984)
 
 
 [2]
 We note that Ward's motion was decided before Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992), which holds that a district court must make a threshold inquiry into the indigent's efforts to secure counsel. Jackson holds that this rule is not retroactive. See also Farmer, 990 F.2d at 321
 
 
 [3]
 Ward also contends that the district court violated his Fourteenth Amendment rights by depriving him of a fair trial. Ward has failed to provide us with any facts or law to support his claim, only an assertion that he was not provided a fair trial. Without more, we cannot review his claim. Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990), cert. denied, 113 S.Ct. 493 (1992) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point."); see also Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990) (an appellate court must dismiss an appeal if the absence of the transcript precludes meaningful review)