16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Stephen WARD, Plaintiff/Appellant,
v.
Thomas MAWEE, et al., Defendants/Appellees.
 No. 91-1772.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 9, 1994.
 
 Before POSNER, Chief Circuit Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Stephen Ward brought suit under 42 U.S.C. Sec. 1983 alleging that prison officials at Menard Correctional Center violated his Eighth and Fourteenth Amendment rights by confining him to a "box car cell."[1] The district court entered judgment for the defendants and denied Ward's request for counsel. Ward appeals.
 
 
 2
 Although Ward has not provided us with a transcript of the bench trial, the parties generally agree on the evidence presented in this case, so we proceed to the merits of Ward's claims. Wilson v. Electro Marine, 915 F.2d 1110, 1117 (7th Cir.1990). Ward contends that he was confined to a steel-fronted cell for 73 days without justification in violation of his Fourteenth and Eighth Amendment rights. The district court found that prisoners in segregation are confined to both open-fronted cells and steel-fronted ones. Ward was moved from an open-fronted segregation cell to a steel-fronted one for his personal safety after he had an altercation with a segregation gallery worker. Because Ward thereafter received disciplinary tickets for fighting, disobeying a direct order, and assaulting a staff member, his confinement in the steel-fronted cell was prolonged.
 
 
 3
 Ward cannot prevail on this Fourteenth Amendment claim because neither the Fourteenth Amendment nor the Illinois Administrative Code provide Ward with a liberty interest in not being confined to a steel-fronted control cell. See Hewitt v. Helms, 459 U.S. 460, 468-69 (1983); 20 Ill.Admin.Code Sec. 504.620. Additionally, Ward does not argue that he was denied any procedural protections. Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 4
 As for Ward's Eighth Amendment claim, not all prison conditions trigger Eighth Amendment scrutiny, only deprivations of basic human needs such as food, medical care, sanitation and physical safety. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). Ward does not argue he was deprived of any such necessity, nor does he specify any conditions that would constitute cruel and unusual punishment. His claim is therefore without merit.
 
 
 5
 Ward also argues that the district court abused its discretion in failing to request counsel to represent him. The court denied Ward's motion, stating that in applying the Maclin factors to this case, "the Court is of the opinion that appointment of counsel is not warranted." The court did not state any reasons for reaching this conclusion and therefore abused its discretion. Barnhill v. Doiron, 958 F.2d 200, 202 (7th Cir.1992); Howland v. Kilquist, 833 F.2d 639, 646 (7th Cir.1987). To conserve judicial resources, we make a de novo determination on Ward's request for counsel, Howland, 833 F.2d at 646, and decide whether the plaintiff appeared to be competent to try the case himself. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993).[2]
 
 
 6
 We find that Ward was competent to try the case himself. Ward had filed many civil rights actions and capably represented himself. Although Ward arguably had a colorable claim, the legal issues in this case were not complex. Further, Ward had drafted many documents, which evidenced a thorough understanding of the relevant facts and demonstrated his ability to investigate his claim. Finally, the record reveals Ward's claims lack merit. Therefore, Ward was not entitled to counsel.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The district court describes this cell as a steel-fronted segregation cell, and we will use this terminology
 
 
 [2]
 A new rule, which became effective after Ward's motion was ruled on, requires a court to inquire into an indigent's efforts to secure counsel. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992)