57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Kascell JENNINGS, Plaintiff-Appellant,
v.
Agent MUZZEY, Agent Simpson, Agent Stollard, Agent Blaha, R.
Knezevich, J. Shew, J. Jackson, K. Henby,
** Defendants-Appellees.
 No. 93-2179.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 9, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Kascell Jennings appeals from the magistrate judge's judgment, see 28 U.S.C. Sec. 636(c), entered against him and in favor of the defendants in a civil rights action filed pursuant to 42 U.S.C. Sec. 1983. In his complaint, Jennings alleged that the defendants used excessive force when they arrested him on December 9, 1986 in Madison, Illinois. Jennings also raised additional claims not relevant to this appeal. Following a bench trial, the magistrate judge concluded that the defendants, all Illinois State police officers, used reasonable force in making the arrest. On appeal, Jennings contests that finding as well as the magistrate judge's denial of his demand for a jury trial and his request for counsel. The defendants argue that the judgment should be affirmed or, in the alternative, that Jennings' excessive force claim should be dismissed on appeal for his failure to include the trial transcript in the appellate record. Because we find that the magistrate judge abused his discretion in denying the jury demand and the request for counsel, we reverse without reaching the merits of the excessive force claim.
 
 
 2
 Jennings first filed his complaint in November 1988. Terry Delaney and Agents Muzzey, Simpson, Stollard, and Blaha were named as defendants. In addition, Jennings noted that there were other police officers whose names were unknown that would be added as defendants as soon as they could be identified. In April 1990, the magistrate judge granted a motion to dismiss with respect to defendant Delaney only. The remaining defendants filed their answer on June 8, 1990. On August 7, Jennings then filed a motion requesting leave to file an amended complaint which was granted on August 14. The amended complaint named the additional defendants and demanded a jury trial. No other claims, however, were raised. The magistrate judge denied the jury demand as untimely. The case was tried in March 1993.
 
 
 3
 Although the right to a jury trial is guaranteed by the Constitution, ordinarily a party must demand a trial by jury not later than ten days after the service of the last pleading directed towards an issue. Fed.R.Civ.P. 38(b). Failure to file a timely demand results in waiver of the right. Communications Maintenance, Inc. v. Motorola, Inc., 761 F.2d 1202, 1208 (7th Cir.1985). Amendments and supplemental pleadings do not extend the time to make a jury demand except as to new issues that are raised. Id. Jennings' amended complaint did not raise any new issues. Hence, because Jennings requested a jury trial more than two months after the defendants filed their answer, the jury demand was untimely under Rule 38(b).
 
 
 4
 Nonetheless, we have held that "[i]n the absence of strong and compelling reasons to the contrary, untimely jury demands [from pro se litigants] should be granted." Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir.) (trial court should have granted jury demand filed nine days after the ten-day limitation period), cert. denied, 464 U.S. 986 (1983). Although Rule 38(b) imposes a time restriction on requests for trial by jury, Rule 39(b) grants the trial court wide discretion in considering untimely demands and requires an analysis of the facts of a particular case. Id. Untimeliness alone is not enough to deny a pro se litigant's fundamental right to a jury trial. Id. at 767 (majority opinion) and 769 (Posner, J., concurring in part and dissenting in part on other grounds).
 
 
 5
 Jennings' request was at most two months late. At the time Jennings requested a trial by jury, in August 1990, discovery had not been completed and no trial date had been set. In fact, no trial was scheduled until three years later, in March 1993. The magistrate judge relied solely on the untimeliness of Jennings' request in denying it. Because we find nothing in the record that would give rise to a strong or compelling reason to deny Jennings' request, the judgment of the trial court must be reversed.
 
 
 6
 We also find that the magistrate judge abused his discretion in refusing Jennings' requests for counsel. Although civil litigants have no right to counsel in federal court, the district court in its discretion may request counsel to represent a litigant pursuant to 28 U.S.C. Sec. 1915(d). Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992). We review a denial of a request for counsel for an abuse of discretion, id., and will not overturn the trial court's decision unless it is clear that the litigant was incapable of trying the case himself and was unable to retain counsel. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.) (simplifying multifactorial approach outlined in Maclin v. Freake, 650 F.2d 885, 887-888 (7th Cir.1981)), cert. denied, 114 S.Ct. 438 (1993).
 
 
 7
 Jennings requested counsel on three separate occasions. In the first motion, filed in November 1988, Jennings stated that he had solicited three different attorneys, all of whom declined to represent him, and that a lockdown at the prison would limit his access to the law library. In his denial of the request, Magistrate Judge Gerald Cohn simply listed the five factors outlined in Maclin v. Freake and conclusorily stated that appointment of counsel was not warranted. The motion to reconsider was denied in an equally cursory manner. In December 1992, Jennings renewed his request for counsel, citing the need to depose the defendants before trial. The court again denied the motion without discussion "applying the same standards as set forth in the November 28, 1988 Order."
 
 
 8
 We have held before that the failure to state either orally or in writing the reasons for denying a request for counsel constitutes an abuse of discretion. Barnhill v. Doiron, 958 F.2d 200, 202 (7th Cir.1992); Howland v. Kilquist, 833 F.2d 639, 646 (7th Cir.1987). Yet, we have declined to remand cases where the record, viewed in its entirety, clearly supported the trial court's decision. Barnhill, 958 F.2d at 202-03; Howland, 833 F.2d at 646. In this case, however, we do not find the trial court's repeated denials to be reasonable.
 
 
 9
 Jennings has been incarcerated throughout these proceedings and therefore has been unable to depose the police officers who allegedly beat him. These same officers were found to be less than credible by an Illinois state court in earlier criminal proceedings stemming from this same arrest. In fact, the state court granted Jennings' motion to suppress evidence obtained from his automobile following the arrest, concluding that the officers had "no warrant to arrest him, no warrant to search him, no probable cause to believe he [was] engaged in any criminal activity at the moment, and no justification for a warrantless arrest." Although the officers testified in state court that they took Jennings into custody for their protection, the state court did not find these statements to be credible "as the defendant was not even on the street where the warrant was to be served." The court concluded that the officers "went looking for the defendant and arrested him when they had no right to do so and when they had no justifiable or logical reason to believe it was necessary for their own protection."
 
 
 10
 The state court order was in the record at the time Jennings made his third request for counsel. Although the issue in the state court was the lawfulness of the arrest and not whether excessive force was used, it should have alerted the magistrate judge that the police officers' credibility would be a central issue in the federal civil rights action. We have previously held that a plaintiff's request for counsel should be granted where the success of the claim is likely to turn on the credibility of witnesses and where the plaintiff is unable to investigate his claims because of his incarceration. See Swofford v. Mandrell, 969 F.2d 547, 552 (7th Cir.1992); Tucker v. Randall, 948 F.2d 388 (7th Cir.1991).
 
 
 11
 The only other evidence cited by the magistrate judge in his final order with respect to the amount of force used during the arrest was medical evidence which admittedly indicated that Jennings' injuries were not as severe as one might expect from the extensive beating he allegedly received. Nonetheless, we are convinced that Jennings' incarceration and pro se status impeded his ability to investigate his claims and to meaningfully cross-examine the police officers who were critical witnesses against him. Accordingly, upon remand the trial court should also request counsel for Jennings.
 
 
 12
 Because of our decision to reverse and remand for a new trial in which a jury and counsel should be provided, we do not reach the merits of Jennings' third claim.
 
 
 13
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. The appeal is submitted on the briefs and the record
 
 
 **
 Although the docket sheet and the parties' briefs name Terry Delaney as a defendant-appellee in this action, Delaney was dismissed from the suit in the magistrate judge's order dated April 12, 1990. Jennings does not dispute that dismissal order in this appeal