103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony JONES, also known as Tonya Star Jones, Plaintiff-Appellant,
v.
Charles BANKS, Correctional Officer, Defendant-Appellee.
 No. 95-3241.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Nov. 22, 1996.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Anthony Jones, a state prisoner acting pro se, sued Charles Banks, an Illinois Department of Corrections Officer, for violating his civil rights. Jones claimed that Banks allowed another prisoner, Cook, into his cell even though Banks knew Cook intended to harm Jones. The jury found in favor of Banks and the district court entered judgment. Jones filed several post-trial motions, as well as a motion for a free copy of the trial transcript. Each of these motions was denied by the district court, and Jones filed a timely notice of appeal on September 20, 1995. Although the district court granted Jones' motion to proceed on appeal in forma pauperis, Jones did not renew his motion for a free copy of the trial transcript in either the district court or this court. Thus, the appellate record does not include a trial transcript.
 
 
 2
 On appeal, Jones argues that the district court: (1) abused its discretion in not granting his motion for a continuance; (2) abused its discretion by allowing certain deposition testimony; (3) made improper statements during his closing argument; and (4) erred in denying his motion for a directed verdict. We affirm.
 
 
 3
 The burden is on an appellant to provide a reviewing court with a record sufficient to permit meaningful review. LaFollette v. Savage, 63 F.3d 540, 544 (7th Cir.1995); Stookey v. Teller Training Distrib., Inc., 9 F.3d 631, 635 (7th Cir.1993), cert. denied, 513 U.S. 839, 115 S.Ct. 122, 130 L.E.2d 67 (1994); Woods v. Thieret, 5 F.3d 244, 245 (7th Cir.1993). The reason is clear: a reviewing court must have the means to apply the relevant law to the specific facts of the case appealed. When the absence of a transcript precludes meaningful review, a court either may "dismiss the appeal or decide [the case] on the merits to the extent it is practical and possible." Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990).
 
 
 4
 Federal Rule of Appellate Procedure 10(b)(2) requires that "[i]f an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2); see also LaFollette, 63 F.3d at 544. Failure to do so is grounds for dismissal. Fed.R.App.P. 3(a); LaFollette, 63 F.3d at 544.
 
 
 5
 The Rules also provide that within ten days of filing a notice of appeal, the appellant must order a transcript of such parts of the proceedings as he deems necessary to his appeal. Fed.R.App.P. 10(b)(1). If an appellant is unable to pay for the transcript, he may file a motion to proceed on appeal in forma pauperis, 28 U.S.C. § 1915, and if this motion is granted, the trial judge or a circuit judge may then grant a motion for a free transcript upon determining that the appeal is not frivolous. 28 U.S.C. § 753(f). There is no authority for a judge to grant a motion for a free trial transcript prior to the filing of a notice of appeal, and Jones' only request for a free transcript came prior to his filing a notice of appeal and before the district court granted his motion to proceed on appeal in forma pauperis. This motion was denied. Once he filed his notice of appeal and was allowed to proceed in forma pauperis, he did not renew his motion for a free transcript, nor did he request this court to provide one.
 
 
 6
 Here, Jones appeals several actions taken by the district court judge during the course of the trial. It is simply impossible to evaluate the merits of his argument, or even determine whether the issues raised were properly preserved for appeal absent a trial transcript. Likewise, Jones' challenge to the denial of his motion for a directed verdict must fail. The argument that there was no evidence upon which a reasonable jury could reach the verdict that it did cannot be evaluated in the absence of a transcript. See Fed.R.Civ.P. 50(a).
 
 
 7
 Jones argues that because he is a pro se plaintiff he should be held to a less stringent standard than counselled plaintiffs and that his appeal should not be dismissed on what he terms "procedural grounds." Although there is case law supporting Jones' argument for lenient treatment of pro se litigants' procedural errors in the trial court, see e.g., Casteel v. Pieschek, 3 F.3d 1050 (7th Cir.1993) (district court erred in dismissing pro se plaintiff's complaint for failure to state a claim, and should have allowed amendment instead), Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, (7th Cir.1993) (district court erred in dismissing pro se plaintiff's claim on grounds he named unsueable entity as defendant), and although we have the authority to order that the record be supplemented with a transcript of the trial, we will not exercise that authority in a case such as this where it appears that Jones' appeal has little merit.
 
 
 8
 Therefore, the district court judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case, accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)