Lawrence BROOKS, Plaintiff,

v.

Michael F. SHEAHAN, Sheriff of Cook County, Supt. Marcus Lyles, Div. # 1, Capt. J. Hartsfield, Div. # 1, Medical Director John Raba–Fantus Clinic, Dr. Fong, Supervisor Fast Track Team, Dr. Jonathan Hausman, Staff Physician, all individually and collectively, Defendants.

No. 98 C 5522.

United States District Court, N.D. Illinois, Eastern Division.

June 15, 1999.

---

Lawrence Brooks, Danville, IL, pro se.

Allen Stewart Kirsh, Lauren Klein, Cook County State's Attorney, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Captain James Hartsfield's motion for summary judgment. For the following reasons, the court (1) dismisses with prejudice plaintiff's § 1983 claim against defendant Captain James Hartsfield in his official capacity and (2) grants summary judgment in favor of Captain Hartsfield on plaintiff's § 1983 claim against Captain Hartsfield in his individual capacity.

## I. BACKGROUND

Plaintiff Lawrence Brooks ("Brooks") is suing six defendants for injuries that he sustained on September 11, 1996 while he was housed in Division 1 of the Cook County Department of Corrections ("CCDOC"). One of the six defendants named in the complaint is Captain James Hartsfield ("Captain Hartsfield"), an employee of the CCDOC. Brooks is suing Captain Hartsfield and the other five defendants in both their individual and official capacities pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

In his complaint, Brooks alleges the following: On September 11, 1996 at around 5:30 a.m., an inmate came into the shower and beat Brooks with his fists. After Brooks went back to his cell, the same inmate, who was now armed with a "dirk," came into Brooks's cell and beat him again. During both of these beatings, there was an officer nearby who was sound asleep. As a result of the beatings, Brooks sustained injuries to his face, a broken nose, a broken socket, lacerations on his lips, a loosened upper tooth, a broken right middle finger, and permanent damage to the shape of his nose. Brooks's suit against Captain Hartsfield is based on Brooks's allegation that Captain Hartsfield was a Captain in Division 1 at the time of the alleged beatings.

Captain Hartsfield has moved for summary judgment, arguing that the uncontroverted evidence shows that he was not working as a Captain in Division 1 on September 10 or 11, 1996 but, instead, was working as a Lieutenant in Division 6 on those dates. In support of his motion, Captain Hartsfield has submitted an affidavit in which he states that (1) on September 10 and 11, 1996, he was a Lieutenant in Division 6 on the 3:00 p.m. to 11:00 p.m. shift; (2) he was not assigned to Division 1 on September 10 or 11, 1996; and (3) he did not work in, did not cover any shift in, and was not physically present for any reason in Division 1 on September 10 or 11, 1996. (Def.'s Reply, Ex. A—Aff. of Captain James Hartsfield ("Hartsfield Aff.") ¶¶ 4–5, 8–10.)

## II. DISCUSSION

### A. Local General Rule 12

■ Before addressing the merits of Captain Hartsfield's motion for summary judgment, the court must address Brooks's failure to comply with Local General Rule 12 ("Rule 12"). Rule 12(M) requires the party moving for summary judgment to file, among other items, a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LOCAL GEN.R. 12(M). The required statement is to consist of short numbered paragraphs, including within each paragraph specific cites to the record which support the facts set forth. *Id.* Rule 12(N) then requires the opposing party to file, among other items,

a concise response to the movant's statement that shall contain: (a) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the records, and other supporting materials

relied upon, and (b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

LOCAL GEN.R. 12(N)(3). Rule 12(N) further provides that "[a]ll material facts set forth in the statement of the moving party will be deemed admitted unless controverted by the statement of the opposing party." *Id.* The Seventh Circuit has upheld strict compliance with Rule 12 on numerous occasions. *Huff v. UARCO Inc.,* 122 F.3d 374, 382 (7th Cir.1997).

In this case, Captain Hartsfield filed a proper Rule 12(M) statement. Brooks has submitted nothing even remotely close to a Rule 12(N) statement. In fact, Brooks has submitted no evidence at all, even though he was warned of the consequences of his failure to do so. (Ct. Order dated Apr. 6, 1999, Docket Entry # 21.) Accordingly, the facts contained in Captain Hartsfield's Rule 12(M) statement are deemed admitted to the extent that those facts are supported by the record.

## B. *Standard for deciding a motion for summary judgment*

A motion for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995).

The burden is on the moving party to show that no genuine issues of material fact exist. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the non-moving party may not rest upon the mere allegations or denials in his pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 256–57, 106 S.Ct. 2505; *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 (7th Cir.1989).

## C. *Brooks's § 1983 claim against Captain Hartsfield in his individual capacity*

Brooks has sued Captain Hartsfield in his individual capacity. Captain Hartsfield has moved for summary judgment on this claim, arguing that the undisputed evidence shows that he was not personally involved in the alleged constitutional deprivation that Brooks claims he suffered.

■ To recover damages under § 1983, the plaintiff must show that the defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995) (citing *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988)); *Kernats v. O'Sullivan,* 35 F.3d 1171, 1182 (7th Cir.1994). A defendant is personally responsible for the alleged constitutional deprivation when the defendant " 'acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.' " *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir.1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir.1985)). In other words, the defendant " 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.' " *Gentry,* 65 F.3d at 561 (quoting *Jones,* 856 F.2d at 992). "In short, some causal connection or affirmative link between the action complained about and

the official sued is necessary for § 1983 recovery." *Id.*

█ Brooks's claim against Captain Hartsfield is based on Brooks's belief that Captain Hartsfield was a Captain in Division 1 at the time of the alleged beatings. However, Brooks has submitted no evidence which shows that Captain Hartsfield was assigned to or worked in Division 1 on the dates in question. In contrast, Captain Hartsfield has submitted an affidavit in which he states that (1) on September 10 and 11, 1996, he was a Lieutenant in Division 6 on the 3:00 p.m. to 11:00 p.m. shift; (2) he was not assigned to Division 1 on September 10 or 11, 1996; and (3) he did not work in, did not cover any shift in, and was not physically present for any reason in Division 1 on September 10 or 11, 1996. (Hartsfield Aff. ¶¶ 4–5, 8–10.) Thus, the undisputed evidence shows that Captain Hartsfield was not personally involved in the alleged constitutional deprivation that Brooks claims he suffered and, consequently, cannot be held personally liable for such a deprivation. Accordingly, the court finds that Captain Hartsfield is entitled to summary judgment on Brooks's § 1983 claim against him in his individual capacity.

### D. *Brooks's § 1983 claim against Captain Hartsfield in his official capacity*

Brooks has also sued Captain Hartsfield in his official capacity. Captain Hartsfield has also moved for summary judgment on this claim.

█ A § 1983 action against an official in his official capacity is treated as a suit against the governmental entity that employs the defendant. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir.1988) ("An official-capacity suit is not against the official as an individual; the real party in interest is the entity."). Thus, the suit against Hartsfield in his official capacity is actually a suit against Cook County. *Castillo v.*

*Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir.1993).

Brooks's claim against Captain Hartsfield in his official capacity, however, is redundant of Brooks's claims against the other five defendants in their official capacities, i.e., all of these official capacity claims are actually claims against Cook County. Two of the other defendants, Sheriff Michael Sheahan and Superintendent Marcus Lyles, have been served and are a part of this litigation. Thus, the court finds that the appropriate action as to Captain Hartsfield is to dismiss the official capacity claim against him because it is redundant of the official capacity claims against the other defendants and because it is undisputed that Captain Hartsfield was in no way involved in the alleged constitutional deprivation. *See Tabor v. City of Chicago*, 10 F.Supp.2d 988, 991 (N.D.Ill.1998). Accordingly, the court dismisses with prejudice Brooks's § 1983 claim against Captain Hartsfield in his official capacity.

### III. *CONCLUSION*

For the foregoing reasons, the court (1) dismisses with prejudice plaintiff's § 1983 claim against defendant Captain James Hartsfield and (2) grants defendant Captain James Hartsfield's motion for summary judgment on plaintiff's § 1983 claim against Captain Hartsfield in his individual capacity. Pursuant to Federal Rule of Civil Procedure 54(b), this court finds that there is no just reason for delay of entry of a final judgment as to Captain James Hartsfield. Accordingly, the court enters final judgment in favor of defendant Captain James Hartsfield and against plaintiff Lawrence Brooks.