16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Richard Lee LEWIS, Plaintiff/Appellant,
v.
P.W. KEOHANE, et al., Defendants/Appellees.
 No. 93-1591.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed as frivolous Richard Lee Lewis' complaint alleging that he was denied meaningful access to the courts when a prison official refused to deliver copies of legal materials unless Lewis paid ten cents per page pursuant to prison policy. See 28 U.S.C. Sec. 1915(d). Lewis appealed. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. An informa pauperis complaint is frivolous when the factual allegations and legal conclusions lack an arguable basis in either law or fact. 28 U.S.C. Sec. 1915(d).; Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 306 (1993).
 
 
 2
 An inmate's access to the courts is his most fundamental right. Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992). This right does not diminish when inmates are held in segregation. Alston v. DeBruyn, No. 91-3927, slip op. at 6 (7th Cir. January 5, 1994). To state a claim for denial of access, an inmate must allege that "prison officials failed 'to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' " Id., (quoting Bounds v. Smith, 430 U.S. 817 (1977); Martin v. Davies, 917 F.2d 336, 338 (7th Cir.1990), cert. denied, 111 S.Ct. 2805 (1991)), and "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Jenkins, 977 F.2d at 268 (quoting Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992)).
 
 
 3
 Lewis alleges that the $.10 per page surcharge levied on requests for legal materials, available only in the main prison library, not in the satellite law library accessible to prisoners in segregation, is unconstitutional. However, Lewis has not suffered any detriment caused by the challenged $.10 copying charge. This court is aware of at least $32.00 and perhaps as much as $82.00 available to Lewis in his commissary account, as of the date of his request. (See App. to Proceed IFP Supporting Documentation and Order). Additionally, 28 C.F.R. Sec. 543.11 states that the prison "staff may waive the cost of duplication if the inmate is without funds or if the material to be duplicated is minimal, and the inmate's requests for duplication are not large or excessive." "Library access may be restricted by time, place and manner regulations that are 'justified in light of legitimate security considerations.' " Shango, 965 F.2d at 292 (quoting Caldwell v. Miller, 790 F.2d 589, 606 (7th Cir.1986)). Until Lewis is unable to obtain necessary legal materials, the $.10 charge is not a bar to his access to the courts. Dismissal pursuant to 28 U.S.C. Sec. 1915(d) was appropriate; the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs