Mattie CALHOUN, Plaintiff,

v.

HEALTH & HUMAN SERVICES & SOCIAL SECURITY ADMINIS- TRATION, Defendant.

No. 94–C–108.

United States District Court, E.D. Wisconsin.

Feb. 18, 1994.

Mattie Calhoun, pro se.

No appearance for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Mattie Calhoun, has filed a complaint seeking judicial review of a decision of the Secretary of the Department of Health and Human Services who apparently denied her social security disability benefits. Her complaint is accompanied by a petition to proceed in forma pauperis. The petition will be granted.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). The court is obliged to give Ms. Calhoun's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

Ms. Calhoun's affidavit of indigence indicates that she receives $205 per month in general assistance benefits and $111 per month in food stamps. I believe that Ms. Calhoun has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the costs of commencing this action.

Ms. Calhoun must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See*

*Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 306 (7th Cir.1993).

Ms. Calhoun has named "Health & Human Services & Social Security Administration" as the defendant. More appropriately, she should have named the Secretary of Health and Human Services ["the Secretary"], Donna Shalala, as the defendant. *See* 42 U.S.C. § 405(g). Nevertheless, the court will liberally construe Ms. Calhoun's complaint and treat it as if the Secretary were the named defendant.

■ Under 42 U.S.C. § 405(g), Ms. Calhoun has the right to district court review of the administrative law judge's decision, adopted by the Secretary, denying her social security benefits. The standard of review employed by the district court is whether the Secretary's decision is supported by substantial evidence and is without any error of law. *See Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *Pugh v. Bowen,* 870 F.2d 1271, 1274 (7th Cir.1989).

■ Ms. Calhoun's statement of claim is repeated below verbatim:

I Mattie Calhoun was turned down. I Mattie Calhoun think that I should recive these benfiet because of the promble I have with my back. My back paines more & more every day. My promble are geting worse. The older I get the more it hurt.

I have trouble bending over & straighting back up. I cannot pick up any more then about 40 pounds without havening trouble with my back. I also have problem with my hands & legs.

Ms. Calhoun requests the following relief: "I Mattie Calhoun would like for the courts to review my case or reopen my case."

Liberally construing the allegations contained in Ms. Calhoun's complaint, her claim can be read as a contention that the administrative law judge's decision (upheld by the Secretary) is not supported by substantial evidence. Accordingly, Ms. Calhoun will be allowed to proceed in forma pauperis with this action.

The United States Marshal will be asked to serve the following documents upon the defendant: a copy of Ms. Calhoun's complaint; the summons; and a copy of the instant decision and order. Ms. Calhoun is reminded that she is required, under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendant or, if an appearance is entered by counsel, upon any such attorney, a copy of *every* pleading, motion, or other paper she files with the court. Ms. Calhoun should also retain a copy of each document for her own files. In addition, Ms. Calhoun is obligated to demonstrate compliance with the service requirements by filing a certificate of service with her papers. *See* Rule 5(d), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court disregarding such pleadings motions or other papers.

### ORDER

Therefore, IT IS ORDERED that Ms. Calhoun's petition to proceed in forma pauperis be and hereby is granted.

IT IS ALSO ORDERED that, pursuant to 28 U.S.C. § 1915(c), the United States Marshal be and hereby is directed to serve the following documents upon the defendant: a copy of Ms. Calhoun's complaint; the summons; and a copy of the instant decision and order.