Kevin **KIRSCH**, Plaintiff,

v.

R.B. **FRANKLIN**, Pat Garro, Lynn Oestreich, John Grahl, and Gary McCaughtry, Defendants.

No. 95–C–702.

United States District Court E.D. Wisconsin.

Aug. 22, 1995.

Kevin Kirsch, Waupun, WI, pro se.

No Appearance for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Kevin Kirsch, currently incarcerated at the Waupun Correctional Institution, has filed a 42 U.S.C. § 1983 action against the above-captioned defendants. The plaintiff's complaint is accompanied by a petition for leave to proceed in forma pauperis, which will be denied.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Kirsch's pro se allegations a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

■ In the plaintiff's affidavit of indigence, he states that he has received approximately $500 from family members over the past twelve months, "all of which has been applied by the prison to [his] outstanding prison debts and to [his] prison release account which [he has] no access to." Mr. Kirsch claims that he has no money in private checking or savings accounts and that he owns no real estate or other valuable property. The certificate attached to Mr. Kirsch's affidavit of indigence discloses that he owes the Waupun Correctional Institution $273.71. I believe that the plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the costs of commencing this action.

■ The plaintiff must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732, 118 L.Ed.2d 340 (1992); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 306 (7th Cir.1993).

In his complaint, Mr. Kirsch alleges that defendants R.B. Franklin and Lynn Oestreich are employed as associate wardens at the Waupun Correctional Institution. He asserts that Pat Garro and John Grahl are employed as "correctional captains" at the Waupun Correctional Institution and that Gary McCaughtry is the warden of that institution.

The plaintiff claims that, on May 30, 1995, a prison guard, whom he refers to as Jane Doe, wrote a conduct report which states:

On the above date and time (5–28–95) I officer (Jane Doe), was passing out medication on B–Range. I arrived at inmate Kirsch's # 78530 cell and asked if he wanted his meds. He said "yes, but let me get some water." While getting the water Kirsch asked me if I would be working in the visiting room anytime in the next week. I said, "yes probably, why?" He then asked me if I would be the one to escort him back to his cell after his visit. I told him whoever is available will bring him back. He said, "Why don't you ask if

you can bring me back and maybe we can see if we can get away with something." I said, "what do you mean get away with something." He said, "you know get away with something. Don't you ever try to do something wrong to see if you can get away with it." I said, "no I don't, now do you want your meds or not." He said no he didn't realy [sic] want them. I left his cell area and finished passing meds.

Mr. Kirsch alleges that Ms. Doe spoke with defendant Garro about his conversation. The plaintiff claims that Mr. Garro "ordered" Ms. Doe to write a conduct report charging the plaintiff with a violation of Wis.Admin.Code, DOC § 303.26, based on the conversation described above.

Under § 303.26, entitled "soliciting staff," inmates are prohibited from: (1) offering or giving anything of value to prison staff or the family of a staff member; (2) requesting or accepting anything of value from a staff member or the family of a staff member; (3) buying anything from, or selling anything to, a staff member or the family of a staff member; (4) requesting a staff member or family of a staff member to purchase anything for him or her; and (5) directing another person to give anything of value to a staff member or agreeing with another person to give anything of value to a staff member.

The plaintiff claims that the penalty for a violation of § 303.26 may include 8 days of adjustment segregation, 360 days of program segregation, loss of good time and loss of other specified privileges. Mr. Kirsch alleges that defendant Grahl, acting in his capacity as security director, reviewed the conduct report and negligently or intentionally failed to strike the charge of violating § 303.26. The plaintiff states that Mr. Grahl allowed the report to proceed and classified the allegations as a major offense, thereby subjecting the plaintiff to possible loss of good time, segregation and isolation.

Mr. Kirsch claims that, due to Mr. Grahl's failure to strike the charge alleging a violation of § 303.26, he was served with the conduct report on May 31, 1995, "at which point plaintiff experienced anxiety, depression and anger accompanied by loss of sleep

and acute headache." The plaintiff contends that these "injuries" continued until the date of the disciplinary hearing on June 8, 1995.

The complainant alleges that the disciplinary hearing was conducted by Lynn Oestreich and R.B. Franklin. Mr. Kirsch states that he pled not guilty to the charge and explained that he did not believe that the allegations of the conduct report could support a finding of guilt for a violation of § 303.26. He claims that defendants Oestreich and Franklin found him guilty of violating § 303.26, and sentenced him to 3 days of adjustment segregation and 180 days of program segregation.

The plaintiff claims that the finding of guilt was not supported by a preponderance of the evidence, in accordance with DOC § 303.76, which governs the conduct of disciplinary hearings. Mr. Kirsch alleges that defendant McCaughtry denied the plaintiff's appeal of the disciplinary committee's finding of guilt. The plaintiff asserts that he was placed in the adjustment center at the Waupun Correctional Institution for a period of 13 days as a result of the committee's finding of guilt and that he felt "anger, depression and anxiety" during his confinement in that unit. The plaintiff does not explain the reason for his placement in adjustment segregation for 13 days when he was sentenced only to 3 days of such confinement.

Mr. Kirsch claims that during his confinement in the adjustment center, he was subjected to the following conditions: (1) confinement in an isolation cell for twenty-four hours per day with minimal property; (2) restrictions on his receipt of mail such that he was permitted only to receive legal mail and first class mail "of a personal nature"; (3) limitations on the number of showers such that he was permitted to take only three showers during his confinement in the adjustment center; (4) restrictions on exercises such that he was allowed only three half-hour periods of exercise in a locked exercise cage; and (5) confinement in an unventilated cell.

The plaintiff asserts that prior to his disciplinary confinement he was housed in a non-isolation, open-barred cell with ventilation. He also alleges that he was allowed to possess additional items consisting of, among other things, a fan, a television, magazines and books, personal clothing, a typewriter and a radio. Mr. Kirsch states that he was allowed to make one telephone call per week, to possess smoking supplies, and to receive visits in the general population visiting room.

Mr. Kirsch claims that the defendants' conduct has "chilled" his ability to speak to prison staff and that their conduct violated his right to freedom of speech under the First Amendment. He also claims that defendants Franklin, Oestreich and McCaughtry violated his substantive due process rights and that those defendants violated their duties under DOC § 303.76(6) through their imposition of discipline upon the plaintiff where the evidence was allegedly insufficient to establish the plaintiff's guilt by a preponderance of the evidence. Mr. Kirsch alleges that Mr. Grahl violated his duties under DOC § 303.76(3)(b) and (d) by failing to strike the allegedly "unsupported" charge from the conduct report.

As relief, Mr. Kirsch requests compensatory and punitive damages. He also requests a declaration that the defendants' conduct violated his rights under the First and Fourteenth Amendments and that DOC § 303.26 is unconstitutional as applied to his case. He further requests a permanent injunction enjoining the defendants from "the unconstitutional and unreasonable application and interpretation" of DOC § 303.26.

■ The First Amendment generally prevents the government from proscribing speech because of disapproval of the ideas expressed. *R.A.V. v. City of St. Paul Minnesota,* 505 U.S. 377, 381–82, 112 S.Ct. 2538, 2542, 120 L.Ed.2d 305 (1992). As a prisoner, Mr. Kirsch retains those First Amendment rights which are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2803, 41 L.Ed.2d 495 (1974). The curtailment of certain rights is necessary to maintain internal security within prison facilities. *Brookins v. Kolb,* 990 F.2d 308, 312 (7th Cir.1993). In this case, Mr. Kirsch does not claim that the prison regulation at issue, DOC § 303.26 is

unconstitutional on its face. Rather, he asserts that the regulation was applied in an unconstitutional manner in his case.

■ With respect to the plaintiff's First Amendment claim, there are no allegations that Mr. Kirsch's conversation with Ms. Doe involved protected speech. The plaintiff's conversation with Ms. Doe dealt only with a private matter and did not involve a matter of public concern. *See Brookins,* 990 F.2d at 313. The defendants' disciplinary action against the plaintiff is not inconsistent with Mr. Kirsch's limited First Amendment rights as an inmate. *See id.* I do not believe that an inmate's First Amendment right to freedom of speech includes a right to proposition female prison personnel.

Mr. Kirsch also claims that defendants Oestreich, Franklin and McCaughtry violated his due process rights by finding him guilty of committing a violation of DOC § 303.26 without sufficient evidence. There are no allegations that the plaintiff was not afforded the full panoply of rights set forth in *Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974). Rather, Mr. Kirsch alleges that the finding of guilt was not supported by any evidence.

In *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the Supreme Court held that revocation of an inmate's good time credits does not comport with the requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence. 472 U.S. at 454. However, the Court's holding in that case was based upon its assumption that the inmate possessed a protected liberty interest in his good time credits. *See id.*

The question of whether an inmate's placement in disciplinary segregation involves the deprivation of a protected liberty interest was recently addressed by the United States Supreme Court in *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin,* the Court held that Mr. Conner's placement in disciplinary segregation "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." ——

U.S. at ——, 115 S.Ct. at 2301. The Court abandoned the approach whereby liberty interests were found to exist when prison regulations contained mandatory language limiting official discretion. *Id.* The Court instead focused upon the nature of the deprivation. *Id.*

After *Sandin,*

states may grant prisoners liberty interests in being in the general population only if the conditions of confinement in segregation are significantly more restrictive than those in the general population.

*Whitford v. Boglino,* 63 F.3d 527, 533 (7th Cir.1995). The Supreme Court relied primarily on the following three factors in determining that Mr. Conner's placement in disciplinary segregation did not implicate a protected liberty interest: (1) confinement in disciplinary segregation mirrored conditions of administrative segregation and other forms of discretionary confinement; (2) based on a comparison between inmates inside and outside segregation, the state's action in placing him there did not work a major disruption in Mr. Conner's environment; and (3) the state's action did not inevitably affect the duration of Mr. Conner's sentence. —— U.S. at —— – ——, 115 S.Ct. at 2301–02.

■ Mr. Kirsch has not alleged facts which suggest that his placement in disciplinary segregation for thirteen days constitutes the type of "atypical, significant deprivation in which a state might conceivably create a liberty interest." *See id.* at ——, 115 S.Ct. at 2301. Mr. Kirsch alleges that his placement in disciplinary segregation resulted in the revocation of a number of privileges. However, revocation of privileges is generally "within the expected scope of a prison sentence." *Whitford,* 63 F.3d at 533. The plaintiff's confinement in disciplinary segregation was brief in duration. There are no allegations that the disciplinary action resulted in the loss of good time, or that Mr. Kirsch's discipline will "inevitably affect the duration of his sentence." *Sandin,* —— U.S. at ——, 115 S.Ct. at 2302.

Although the conditions of the plaintiff's confinement in the adjustment center were

somewhat more austere than the conditions of his confinement in the general population, Mr. Kirsch's complaint contains no allegations which indicate that his confinement in segregation worked "a major disruption in his environment." *Sandin*, at ——, 115 S.Ct. at 2301. Consequently, the plaintiff had no protected liberty interest in remaining free from disciplinary confinement.

Because Mr. Kirsch had no protected liberty interest in remaining free from disciplinary segregation, the Court's holding in *Hill* is inapposite. Therefore, to the extent that the plaintiff is asserting a claim based upon an alleged deprivation of procedural due process, he has failed to state an arguable claim for relief.

■ Nevertheless, Mr. Kirsch contends that defendants Oestreich, Franklin and McCaughtry violated his right to substantive due process. The substantive right found in the Due Process Clause "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir.1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 337–38, 106 S.Ct. 677, 678, 88 L.Ed.2d 662 (1986)).

■ A violation of an inmate's right to substantive due process may occur through the issuance of unjustified disciplinary charges when such charges were issued in retaliation for the exercise of a constitutional right. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir.1994). The plaintiff does not allege that the disciplinary charge which is the subject of this action was retaliatory. Thus, his substantive due process claim cannot proceed on that basis.

■ To the extent that Mr. Kirsch asserts that the defendants' actions were arbitrary, the absence of a protected liberty interest is fatal to his substantive due process claim. *See Zorzi v. County of Putnam*, 30 F.3d 885, 895 (7th Cir.1994); *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir.1982), *cert. denied*, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). In the absence of a protected liberty interest, a plaintiff cannot maintain a substantive due process claim for alleged arbitrary action. *Zorzi*, 30 F.3d at 895; *DeTomaso v. McGin-*

*nis*, 970 F.2d 211, 214 (7th Cir.1992). As stated above, Mr. Kirsch does not have a protected liberty interest in remaining free from disciplinary segregation. Consequently, the plaintiff's substantive due process claim lacks merit.

■ Also included in Mr. Kirsch's complaint are claims that defendants Grahl, Oestreich, Franklin and McCaughtry violated their duties under state law. The plaintiff requests that this court exercise its supplemental jurisdiction over those claims. Pursuant to 28 U.S.C. § 1367, the court may exercise supplemental jurisdiction over the plaintiff's state law claims where such claims stem from the same case or controversy as those claims over which this court has original jurisdiction. However, a court may decline to exercise jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Because I am denying Mr. Kirsch leave to proceed in forma pauperis on his federal claims, I will decline to exercise jurisdiction over his claims under state law.

### ORDER

Therefore, IT IS ORDERED that Mr. Kirsch's petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed, pursuant to Rule 58, Federal Rules of Civil Procedure, to enter judgment dismissing this action, without prejudice.