844

Crypticion M. PRIEST, Plaintiff,

v.

Donald GUDMANSON, Defendant.

No. 95–C–958.

United States District Court,
E.D. Wisconsin.

Oct. 18, 1995.

C. Priest, Green Bay, WI, plaintiff, pro se.

No appearance for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Crypticion Priest, currently incarcerated at the Green Bay Correctional Institution, has filed a 42 U.S.C. § 1983 action against the above-captioned defendant and four other defendants not listed in the caption of his complaint. The plaintiff's complaint is accompanied by a petition for leave to proceed in forma pauperis, which will be granted in part and denied in part as set forth below.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Priest's pro se allegations a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

█ In the plaintiff's affidavit of indigence, he states that he has received approximately $700 in "legal loans" from Joyce Henry over the past year and that he earns $6 every two weeks for working in prison. Mr. Priest claims that he owns no real estate or other valuable property. The certificate attached to Mr. Priest's affidavit of indigence discloses that he has $4.48 in his prison trust account. I believe that the plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the costs of commencing this action.

█ The plaintiff must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1732, 118 L.Ed.2d 340 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir.1993).

█ Mr. Priest is apparently asserting that prison officials violated his due process rights in connection with a prison disciplinary report. In the first paragraph of his complaint, the plaintiff alleges that

> OSCI CO# Hibbard had utilized d.o.c. 303.66 pursuant to doc appendix note 303.66 and 303.64 under paragraph (5) page 110! This excludes doc 303.65 inturn [sic] any failure on his initiated role would/did effect [sic] my due process disciplinary defense inturn [sic] (quote) failure of prison authorities to follow their own rules would in itself violate due process! Example d.o.c. appendix page 109–110 paragraph (1)(5)(6) and appendix note d.o.c. 303.65 paragraph (4)! Now based on all these d.o.c. enclosed documents the following disclosed (civil conspacy [sic]) imposed disciplinary processes against it does not constitute an [sic] doc 303.87 harmless error!

The remainder of Mr. Priest's complaint contains similar allegations.

Listed as additional defendants in the plaintiff's complaint are C.O. Hibbard, Cpt. Pasche, C.O. Ventura and C.O. Schneider. Attached to Mr. Priest's complaint are a number of documents, including conduct report number 604649, and other documents related to the disposition of that report.

As relief, the plaintiff requests that the court review the Oshkosh Correctional Institution policies and procedures regarding disciplinary proceedings and issue a declaratory judgment "with respects [sic] to # 604649 (non-impartial) adjustment committees [sic] procedures for imposing loss of good-time as a predicate to a [sic] exemplary and punitive damages award!" Mr. Priest also requests that conduct report number 604469 be expunged from his record.

As stated above, it appears that the gravamen of the plaintiff's complaint is that the defendants violated his due process rights with respect to an inmate conduct report issued against him while he was confined in the Oshkosh Correctional Institution. To the extent that Mr. Priest is asserting that the defendants violated his right to due process by failing to follow state regulations, his complaint lacks merit. A violation of state law is not itself a violation of the Constitution. *Ar-*

*chie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989).

The plaintiff contends that Messrs. Hibbard, Pasche and Ventura failed to follow state regulations in connection with the disciplinary action taken against Mr. Priest. None of the alleged violations of state regulations rise to the level of a violation of the Constitution. For example, Mr. Priest alleges that the conduct report was prepared by Mr. Hibbard on September 28, 1994, and approved by Mr. Pasche "much later" on September 30, 1994, in violation of Wis.Admin.Code § [DOC] 303.67.

■ Under § 303.67(3)(b), inmate conduct reports must be reviewed by the security director daily. There is no constitutional requirement that inmate conduct reports be reviewed by prison officials the day after they are prepared. Nor does § 303.67(3)(b) create a protected liberty interest. Section 303.67(3)(b) is merely a procedural rule. As stated above, violations of state law alone do not rise to the level of constitutional violations. Therefore, Mr. Priest's claims against Messrs. Hibbard, Pasche and Ventura will be dismissed.

■ An inmate subjected to a loss of a liberty interest through a revocation of good-time credits is entitled to certain protections. *Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974). Before being deprived of good-time credits an inmate must be afforded: (1) 24–hour advance written notice of the alleged violations; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when such presentation is consistent with institutional safety); and (4) a written decision by the fact-finder stating the evidence relied upon and the reasons for the disciplinary action. *Id.*

■ The United States Supreme Court recently addressed the issue of inmates' due process rights in the context of prison disciplinary proceedings in *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin,* the Court held that inmates are not deprived of a liberty interest and are therefore not entitled to the protections outlined in *Wolff* unless they are subjected to disciplinary measures which involve "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin,* —— U.S. at ——, 115 S.Ct. at 2301. However, the Court left undisturbed its holding in *Wolff.* Under *Sandin,* a prisoner may possess a liberty interest in freedom from punishment that "'will inevitably affect the duration of his sentence.'" *Whitford v. Boglino,* 63 F.3d 527, 532 (7th Cir.1995) (quoting *Sandin,* —— U.S. at ——, 115 S.Ct. at 2302.).

■ In the case at bar, documents attached to the plaintiff's complaint disclose that his mandatory release date was extended by twenty days as a result of the disciplinary action. Consequently, the disciplinary action at issue will likely affect the duration of Mr. Priest's sentence.

Mr. Priest alleges that he was not provided with an impartial decision-maker due to Mr. Schneider's presence on the adjustment committee. The plaintiff asserts that Mr. Schneider was not impartial because he witnessed the incident that prompted the disciplinary action taken against Mr. Priest. Such an allegation states an arguable claim for relief under § 1983.

■ Although Mr. Gudmanson is named as a defendant in the caption of Mr. Priest's complaint, there are no allegations regarding Mr. Gudmanson. An individual cannot be held liable under § 1983 "unless he caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983). A supervisory official may not be held liable under the respondeat superior theory of liability. *Id.* Individual liability under § 1983 is predicated upon an "affirmative link" or a "causal connection" between the alleged misconduct and the official sued. *Id.*

Nevertheless, the plaintiff has attached to his complaint numerous documents related to his conduct report. From my review of those documents it appears that Mr. Gudmanson reviewed the disciplinary action taken against Mr. Priest. While Mr. Gudmanson's involvement appears to be minimal, I

believe that it is sufficient to permit the plaintiff to proceed with his claim against Mr. Gudmanson at this early stage.

The United States Marshal will be directed to serve upon Mr. Schneider and Mr. Gudmanson a copy of the complaint, the summons and this order, in accordance with 28 U.S.C. § 1915(c) and Rule 4, Federal Rules of Civil Procedure. However, the plaintiff is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon Mr. Schneider and Mr. Gudmanson, or if an appearance is entered by counsel,. upon counsel, a copy of *every* pleading, motion or other document he files with the court. He also should retain a copy of each document for his own files. If he does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. In addition, he is obligated to demonstrate that he has complied with the service requirements by filing a certificate of service with his papers. *See* Rule 5(d), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court's disregarding such motions, pleadings or other papers.

## ORDER

Therefore, IT IS ORDERED that the plaintiff's petition for leave to proceed in forma pauperis be and hereby is granted to the extent that the plaintiff may proceed against Mr. Gudmanson and Mr. Schneider on his due process claim.

IT IS ALSO ORDERED that, pursuant to 28 U.S.C. § 1915(d), the plaintiff's claims against defendants Hibbard, Pasche and Ventura be and hereby are dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(c), the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons and this order upon Mr. Gudmanson and Mr. Schneider.