**John Eric SANDLES, Plaintiff,**

v.

**UNITED STATES GOVERNMENT, Defendant.**

No. 95–C–1059.

United States District Court, E.D. Wisconsin.

Oct. 30, 1995.

John Eric Sandles, U.S. Penitentiary Terre Haute, Ind., Terre Haute, IN, pro se.

DECISION and ORDER

MYRON L. GORDON, District Judge.

On October 18, 1995, the plaintiff, John Sandles, presently incarcerated in the United States Penitentiary in Terre Haute, Indiana, filed a complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Along with the complaint, the plaintiff filed a petition for leave to proceed in forma pauperis.

■ In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Sandles' pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

Mr. Sandles has filed an affidavit of indigence disclosing that he is not presently employed and that he has no assets other than the 24 cents in his prison trust account. I am satisfied that Mr. Sandles is unable to pay the costs of commencing this action.

■ With respect to the second element, an action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief in law or in fact. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993) (citing *Castillo v. Cook County Mail Room Dep't.,* 990 F.2d 304, 306 (7th Cir.1993)).

The factual allegations of Mr. Sandles' complaint are contained in three paragraphs:

1. On March 5, 1994 plaintiff was assaulted by another inmate. This assault was unprvoked [sic] by plaintiff. At the time plaintiff was in the dinning [sic] hall, in the line to recieve [sic] lunch, when the assilant [sic] went on a killing spree and phychotic [sic] frenzy. As a result the plaintiff recieved [sic] deep cut to his back from butcher knife, requiring stiches [sic].

2. In May of 1994 plaintiff filed a tort claim to the Mid–Atlantic Regional Office of the Federal Bureau of Prisons. Plaintiff requested four million, five hundred thousand dollars ($4,5000,000) [sic]. Plaintiff [sic] claim was denied.

  *  *  *  *  *  *

7. The inmate who assaulted plaintiff on March 5, 1994, at U.S.P. Terre Haute, was a Jamacan [sic] inmate had a history of being mentally abnormal person. The case at bar turn [sic] on the question of whether the Government was negligent in permitting the inmate who was on Central inmate monitor, therefore, was supposed to be kempt [sic] away from the person that he killed. By no means, is the Government an insuror [sic] of a prisoner. This is not philospy [sic] of Federal Tort Claims Act.

The remainder of the plaintiff's complaint consists of his interpretation of the FTCA and conclusory assertions that the government is liable under that act.

■ The United States Supreme Court has recently stated that a claim is actionable under the FTCA if it alleges that it is one [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting in the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

F.D.I.C. v. Meyer, —— U.S. ——, ——, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994).

■ Mr. Sandles' complaint lacks any allegations from which this court could conclude that his injuries were caused by an act or omission of any governmental employee. Moreover, Mr. Sandles has not alleged any facts from which the court could conclude that a governmental employee was acting within the scope of his or her employment when the alleged act or omission of which he complains occurred.

Aside from the factual deficiencies of his complaint, Mr. Sandles' pleading suffers from an even more serious problem in that it appears that the tort claim he advances is barred by the applicable statute of limitations. 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Accompanying Mr. Sandles' complaint is a copy of a letter from the Federal Bureau of Prisons dated September 22, 1994, which denied the tort claim he presses in the instant complaint. The letter indicates that it was sent via certified mail. The court can reasonably infer that the letter was mailed on or about September 22, 1994.

I believe that Mr. Sandles has not commenced the instant civil action within six-months after the date of mailing of the administrative denial of his tort claim by the Federal Bureau of Prisons as required under § 2401(b) of the FTCA.

For the aforementioned reasons, Mr. Sandles' petition for leave to proceed in forma pauperis will be denied as his claim is legally frivolous within the meaning of 28 U.S.C. § 1915(d).

Therefore, IT IS ORDERED that Mr. Sandles' petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice.