Adrian Duran **PATTERSON**, Plaintiff,

v.

**WAUWATOSA POLICE DEPARTMENT, and Milwaukee Police Department, Defendants.**

No. 96–C–747.

United States District Court, E.D. Wisconsin.

July 2, 1996.

Adrian D. Patterson, Green Bay Correctional Institution, Green Bay, WI, Pro Se.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On June 25, 1996, the plaintiff, Adrian Patterson, presently incarcerated in the Green Bay Correctional Institution, filed a civil rights complaint under 42 U.S.C. § 1983 in the above-captioned action, a petition to proceed in forma pauperis and a motion for the appointment of counsel. His petition for leave to proceed in forma pauperis will be denied, his motion for the appointment of counsel will be dismissed, as moot, and his action will be dismissed, without prejudice.

■ In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: whether the litigant is unable to pay the costs of commencing the action; and whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). An action is frivolous, for purposes of 1915(d), if there is no arguable basis for relief in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't.*, 990 F.2d 304, 306 (7th Cir.1993). Recently enacted legislation also provides that a case may be dismissed under § 1915 for failure to state a claim upon which relief can be granted. Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, sec. 805 (1996) (to be codified at 28 U.S.C. § 1915A). The court is obliged to give Mr. Patterson's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

■ In his complaint, Mr. Patterson complains that excessive force was used against him by officers of the Milwaukee Police Department and the Wauwatosa Police Department in connection with his arrest. He also alleges that racial slurs were directed at him by Detective Timothy Brenzel while in custody at "the police station." Mr. Patterson

does not indicate which police department employs Detective Brenzel.

■ In this action, Mr. Patterson names as the only defendants the Milwaukee Police Department and the Wauwatosa Police Department. A local government unit is subject to suit under 42 U.S.C. § 1983 as it is deemed a "person" within the meaning of that provision. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 734 (7th Cir.1994). However, liability on the part of a local governmental unit cannot be premised on a theory of respondeat superior. *Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989); *Baxter,* 26 F.3d at 734. Instead, a local government entity is responsible under § 1983 when execution of its custom or policy inflicts the injury of which the plaintiff complains. Liability of a local government may arise whether the custom or policy is made either "by its lawmakers or by those whose edicts may fairly be said to represent official policy." *Id.*

Under existing case law, three instances have been identified in which a local governmental entity can be said to have violated the civil rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, while not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Id.* at 735 (citations omitted).

Absent from Mr. Patterson's complaint are any allegations of an official policy or custom of the defendants which caused the events at issue in his complaint. The complaint also lacks an allegation that the person responsible for the challenged conduct was a final policymaker. *See Id.* (complaint failed to state a claim where it did not specifically allege that the defendant—the principal of an elementary school—was in a position to make final policy or any policy).

■ Mr. Patterson alleges that racial slurs were made by unnamed officers at the time of his arrest and later while he was in a cell at the police station. He also asserts that Detective Brenzel made reference to the plaintiff's "black ass." The plaintiff claims that these expressions had an "emotional impact" on him. Racially derogatory remarks are "unprofessional and inexcusable" but are not a deprivation of liberty. *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987).

For the reasons stated above, I find that Mr. Patterson's claims are legally frivolous and fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Accordingly, Mr. Patterson's petition for leave to proceed in forma pauperis will be denied, and his motion for the appointment of counsel will be dismissed, as moot.

Therefore, IT IS ORDERED that Mr. Patterson's petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that Mr. Patterson's motion for the appointment of counsel be and hereby is dismissed, as moot.

IT IS FURTHER ORDERED that this action be and hereby is dismissed, without prejudice.